**IN THE UNITED STATES DISTRICT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD BALTER,<br><br>            Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 18-16681 (JBS)<br>[Cr. No. 93-536 (JBS)]<br><br>**MEMORANDUM OPINION** |

SIMANDLE, District Judge:

    Petitioner Richard Balter was convicted of murder-for-hire in violation of 18 U.S.C. §§ 1958 and 2, and related mail fraud counts in violation of 18 U.S.C. § 1341, following a jury trial in 1994. This Court sentenced Balter and several co-defendants to life imprisonment. United States v. Balter, et al., Criminal No. 93-536 (JBS). The Court of Appeals affirmed, United States v. Balter, 91 F.3d 427 (3d Cir. 1996).

    Thereafter, Balter filed his motion for relief on July 25, 1997, under 28 U.S.C. § 2255, alleging that trial counsel was ineffective. Balter v. United States, Civil No. 97-3649 (JBS). This Court denied the motion, as well as related motions for an evidentiary hearing and for production of documents, on June 30, 1998. This Court issued an Order denying a certificate of appealability on December 23, 1998, and on October 6, 2000, the

Court of Appeals denied Balter's request for a certificate of appealability.

Eighteen years later, on November 30, 2018, Mr. Balter filed the present petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging newly discovered evidence which may be exculpatory and was allegedly withheld by the Government in violation of Brady. [Civil Action 18-16681 (JBS) at Docket Item 1.] Mr. Balter's present Section 2255 motion alleges that Balter has discovered that the Government withheld material exculpatory evidence from Balter's attorneys, so that the evidence could not be used in his defense at trial, in violation of Balter's Fifth Amendment rights as established in Brady v. Maryland, 373 U.S. 83 (1963). He alleges that this exculpatory evidence would demonstrate that he is "actually innocent of the murder-for-hire under 18 U.S.C. § 1858, and -- because of that innocence -- he is necessarily innocent of mail fraud as well." [Docket Item 1-1 at pp. 1-2.]

Presently before the Court is the motion of the United States to dismiss Balter's Section 2255 petition as a second or successive petition. [Docket Item 2.] The United States argues that this Court lacks jurisdiction over the present successive petition, and that Balter must first obtain permission from the Court of Appeals to file it, which has not been done. The Government argues that Balter has failed to satisfy the gatekeeping restriction for second

2

or successive Section 2255 petitions contained in 28 U.S.C. § 2255(h), which provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense....

In turn, Section 2244(b)(3)(A) states as follows:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Mr. Balter opposes the dismissal motion [Docket Item 3]. While Balter acknowledges that this Court previously adjudicated his Section 2255 motion and that this is a second motion, he argues it would be essentially unfair and illogical to apply the gatekeeping provision of Section 2255(h)(1), supra, where the allegedly newly discovered evidence is alleged to be Brady material that was unlawfully withheld from discovery by the Government. [Docket Item 3 at ¶¶ 3-7.] Balter argues that such a reading of Section 2255(h) would essentially reward the Government for committing a Brady violation and managing to conceal it past the time the initial Section 2255 motion is filed, pointing out that considering Brady material as falling within the Section 2255(h)

3

rubric of "newly discovered evidence" would also have the effect of raising the standard of proof required for a successful Section 2255 petition to the level of showing "clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). [Docket Item 3 at ¶¶ 8-10.] Accordingly, Balter argues that he is "not obligated to get permission from the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(2)," and that this Court has jurisdiction to consider this petition at this time.

More specifically, Balter argues that the present petition should not be regarded as "second or successive" because the ground asserted -- his discovery of allegedly exculpatory documents that were found among documents the Government had seized from Balter's own company and allegedly withheld under Brady -- was allegedly not known by Balter to exist and could not have been logically discovered by Balter at the time he filed his first petition in 1997. Whether the alleged exculpatory documents are "newly discovered" for purposes of Section 2255(h)(1) is unclear from the papers presently before the Court, and no determination is made, for purposes of this dismissal motion, whether Balter indeed "newly discovered" the documents in question.[1] Likewise, the undersigned

---

[1] Balter had these documents in his possession for more than ten years before filing this petition in 2018. These documents are among those allegedly seized from Balter's wholly-owned small business, Northeast Poly Products, Inc., around the time of his

4

does not determine, for purposes of the present dismissal motion, whether Petitioner Balter's allegation that the newly discovered documents are exculpatory[2] within the meaning of Brady, has plausible merit because it does not address the merits of Balter's current petition.

---

arrest. The documents he now cites largely concern the payback terms of the large debt owed to Balter's business by the victim of Balter's murder-for-hire scheme, Robert Cohen, a debt which was well-known and figured prominently in supplying a motive for the murder and subsequent mail fraud when Balter attempted to collect proceeds of a credit life insurance policy on the victim essentially equal to the indebtedness. The present petition alleges that Balter received two boxes of documents in or about 2007 that the Government had seized from Balter's own company's warehouse during the criminal investigation of the murder-for-hire case. He alleges that he examined those documents in 2007 with the help of an assistant because he suffered from macular degeneration and was essentially blind. In 2010, when the documents in question were already in his possession for three years, in litigation before the undersigned seeking to enforce the return of other personal and business documents under Rule 41(g), Fed. R. Crim. P., Balter alleged on several occasions that he believed these documents contained exculpatory information. See Balter v. United States, Civil No. 08-1475 (D.N.J.) at Docket Item 17 at p.4 (referencing communications between Balter and Cohen); and Docket Item 18 at p.3 (indicating these seized documents "would have destroyed their [the Government's] theory, motive and case"). He alleges that it was not until many years later, on November 29, 2017, that he was again reviewing material from the boxes with the help of an assistant and came across a ledger document that contained one or two additional sheets of paper behind each ledger page, which are the alleged exculpatory documents herein. [Docket Item 1-1 at pp. 8-9.]

[2] The trial evidence against Balter was strong, including documents, testimony of a cooperating witness, investigators, and other fact witnesses and an inculpatory recording of Balter during the criminal investigation summarized previously including in the Court of Appeals' opinion in United States v. Balter, 91 F.3d 427 (3d Cir. 1996).

5

The issues presently before the Court are: (1) whether this petition is "second or successive," i.e., whether this case presents an exception for grounds that could not have been raised in the initial petition; and (2) whether newly discovered <u>Brady</u> materials are "newly discovered evidence" within the meaning (and subject to the gatekeeping requirement) of § 2255(h)(1). The Court finds that newly discovered <u>Brady</u> materials are not exempted from § 2255(h)'s definition of "newly discovered evidence", making this petition "second or successive" within the meaning of § 2255(h)(1). As such, this Court lacks jurisdiction absent authorization from the Third Circuit.

The Supreme Court and Third Circuit have no case directly on point. <u>See United States v. Lopez</u>, 577 F.3d 1053, 1063 (9th Cir. 2009) ("The Supreme Court has not decided . . . whether second-in-time <u>Brady</u> claims are 'second or successive' under AEDPA."). <u>But see Mickens v. Superintendent Albion SCI</u>, No. 17-2155, 2017 WL 5624245 (3d Cir. Sept. 1, 2017) (denying certificate of appealability as jurists of reason would not debate dismissal of the petition under 28 U.S.C. § 2254 raising <u>Brady</u> claims as second or successive), <u>cert. denied sub nom. Mickens v. Clarke</u>, 138 S. Ct. 999 (2018). Most circuits that have addressed the issue agree that <u>Brady</u> claims are not exempt from the second or successive restrictions. <u>See, e.g, In re Pickard</u>, 681 F.3d 1201, 1203 (10th Cir. 2012). Other circuits have concluded there may be situations

in which Brady claims are exempt. See Lopez, 577 F.3d at 1066-67 ("We therefore hold that Brady claims are not categorically exempt from AEDPA's gatekeeping provisions and that second-in-time Brady claims that do not establish materiality of the suppressed evidence are subject to dismissal under § 2255(h)(1). . . . we need not, and do not, resolve the more difficult question whether *all* second-in-time Brady claims must satisfy AEDPA's gatekeeping requirements . . .") (emphasis in original).

The Court is persuaded by those courts that have concluded that Brady does not present an exception to the rule of finality and the gatekeeping purpose of § 2255(h)(1). Congress provided that any newly discovered evidence, Brady or not, which by definition was not available to petitioner when the first § 2255 petition was adjudicated, may form the basis of a second petition provided it passes the screening of § 2255(h)(1) as determined by the Court of Appeals. The Brady allegation, if valid, can provide a firmer basis for permitting a second petition because of the allegation of prosecutorial misconduct of a constitutional dimension, but that is a matter for the Court of Appeals to determine under § 2244(b)(3)(A).

The Court further concludes that the purposes of AEDPA would not be served by recognizing an exception for newly discovered Brady documents in the District Court without gatekeeping approval of the Court of Appeals. Exempting an allegation of a Brady

violation from the gatekeeping provision of § 2255(h)(1) would create a loophole that would enable repeated petitions recast as Brady violations. The ability to file a numerically second § 2255 petition raising a claim under Brady should not depend on a general exception to the gatekeeping requirement, but on the plausibilty of the case-specific Brady argument.  In any event, this is a matter for the Court of Appeals under §2244, not for the District Court.  This District Court is without jurisdiction to hear this successive petition absent approval of the Court of Appeals.

    For the reasons stated above, the Court grants the motion to dismiss without prejudice. The Court will transfer the petition to the Third Circuit for consideration under 28 U.S.C. § 2255(h) in the interests of justice. 28 U.S.C. § 1631.

    The accompanying Order is entered.

**February 27, 2019**                                 **s/ Jerome B. Simandle**
                                                               JEROME B. SIMANDLE
                                                               U.S. District Judge